IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATERRYL SADDLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:18-cv-000192 RWS |
| v. ) | |
| ) | |
| PNC BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OF LAW IN SUPPORT**
## **OF PLAINTIFF'S RESPONSE**

COMES NOW Plaintiff by undersigned counsel and for her Memorandum of Law states as follows:

FACTS:

Plaintiff's lawsuit concerns a balloon loan secured by a mortgage that PNC Bank, N.A. claims to hold on property owned by Plaintiff. The original loan documents show that Plaintiff and her late husband, Terrence Saddler were the borrowers from Allegiant Bank. Plaintiff alleges, that the loan while entered originally with Allegiant Bank, has been assigned to other financial entities several times and during the life of the loan the principal has unexplainably increased although Plaintiff has to date made the required principal and interest payments. Plaintiff was notified by Defendant that the balloon payment was due January 1, 2018 in the amount of $106,581.67, representing the balance of the loan. Plaintiff disputes not only this figure, but also Defendant's right to "call" her loan as it is not the proper entity holding the loan. The notice that the note was due was followed by a letter from the Defendant's legal counsel dated January 5, 2018. (Exhibit A, attached.)

1

By her Petition for Declaratory Judgment, Plaintiff seeks a determination of the correct balance through a proper accounting and whether Defendant is properly the holder of her note and mortgage.

ARGUMENT:

1. Sec. 527.020 provides, "Any person…whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction, validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder." See also, (Mo. Supreme Court) Rule 87.02(a). The law is remedial and is to be liberally construed and administered. Sec. 527.120; *Pollard v Swenson*. 411 S.W.2d 837 (Mo. App. 1967) [3-10].

For the court to have jurisdiction, even in a declaratory judgment case, it must have before it a "justiciable controversy." *City of Joplin v. Jasper County*, 349 Mo. 441, 161 S.W.2d 411 (1942) [2-4]; *Pollard v. Swenson, supra*, [3-10]. The petition must present a real, substantial, presently existing controversy admitting of specific relief as distinguished from an advisory decree upon a hypothetical situation. The question is not whether the petition shows that plaintiff is entitled to a declaration in accordance with the theory he states, but whether he is entitled to a declaration at all. *Pollard v. Swenson, supra*. Plaintiff must show that she has a legally protectable interest at stake and that the question she presents is appropriate and ripe for judicial decision. The facts on which the decision is demanded must have accrued so that the judgment declares the existing law on an existing state of facts. *Higday v. Nickolaus*, 469 S.W.2d 859 (Mo.App.1971) [1-3]. A mere difference of opinion or disagreement or argument on a legal question does not

afford adequate ground for invoking the judicial power. *Tietjens v. City of St. Louis*, 359 Mo. 439, 222 S.W.2d 70 (banc 1949) [1-4]. "No justiciable controversy exists…unless an actual controversy exists between persons whose interests are adverse in fact…Actions are merely advisory when there is an insufficient interest in either plaintiff or defendant to justify judicial determination, i.e., where the judgment sought would not constitute a specific relief to one party or the other. Such actions are merely advisory when the judgment would not settle actual rights. If actual rights cannot be settled the decree would be a pronouncement of only academic interest." *State ex rel Chilcutt v. Thatch*, 359 Mo. 122, 221 S.W.2d 172 (banc 1949) [5-7]. To qualify as "any person" under the statute, a party seeking a declaratory judgment must have a legally protectable interest at stake and the declaration sought must be of a question appropriate and ready for judicial resolution. "A legally protectable interest contemplates a pecuniary or personal interest directly in issue or jeopardy which is subject to some consequential relief, immediate or prospective." *Absher v. Cooper*, 495 S.W.2d 696 (Mo.App.1973) [1-4]. See also: *City of Jackson v. Heritage Sav. & Loan Ass'n*, 639 S.W.2d 142, 143-144.

Defendant's motion seems to be more in the nature of a Motion for Summary Judgment, arguing facts as opposed to the sufficiency of Plaintiff's Petition. Nevertheless, Plaintiff hastens to point out the clear import of Exhibit A attached (Plaintiff also directs the Court to her Exhibit B attached to her Petition). There is no mistaking the immediacy of Defendant's position with regard to its demand for satisfaction of the balloon note on a date certain, January 1, 2018. There is no mistaking Defendant's position that it is the holder of the note and therefore is in position to effectuate foreclosure on Plaintiff's property should the note go unsatisfied. Plaintiff's

Petition alleges quite clearly that the amount of the balloon note, a contract, is disputed and that the legitimacy of Defendant as holder of the note is also disputed; hence a justiciable controversy is extant. Moreover, with Plaintiff's property at risk, a legally protectable interest is pleaded and the call of the balloon payment makes the claim ripe for review.

Plaintiff's Petition seeks no more than what is allowed under Sec. 527.020, "...a declaration of rights, status, or other legal relations..."

Plaintiff's petition is sufficient if it briefly states facts, evokes principles of substantive law that entitle the plaintiff to relief and informs the defendant of what the plaintiff will attempt to establish at trial. Rule 8(a) F.R.C.P.

2. In its second point, Defendant complains that Plaintiff has failed to join Saddler Residential Care Facility, Inc., "the borrower under the promissory note referenced in the Petition". (Defendant's Motion, ¶ 4). A review of the Petition and the attached exhibits reflects that the obligation was entered by and between Allegiant Bank and Terrence Saddler (deceased) and Laterryl Saddler. Plaintiff is unaware of any documents that reflect that Saddler Residential Care Facility, Inc. was ever made an obligor under any note or other financial obligation, hence the corporation is not a necessary party. Should Defendant be in possession of any such document obligating the corporation Plaintiff will gladly amend its Petition to add the corporation.

CONCLUSION:

Based on the foregoing, Defendant has failed to produce an argument of merit that would support its Motion to Dismiss Plaintiff's Petition. Accordingly, Defendant's Motion should be denied.

Respectfully submitted:

/s/Charles E. Kirksey

---

CHARLES E. KIRKSEY, JR. #24792
ATTORNEY FOR DEFENDANT
7382 Pershing Ave., 1 West
University City, MO 63130
(314)863-5001  Fax 863-5007
charlesekirksey@cs.com

**CERTIFICATE OF SERVICE**: A copy of the foregoing pleading was e-filed with the Court's electronic filing system this 20th day of February, 2018 for service upon counsel of record.  By: /s/C. Kirksey