IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATERRYL SADDLER and | )<br>) |
| SADDLER RESIDENTIAL CARE FACILITY, INC., | )<br>)<br>) |
| Plaintiffs, | ) Case No.: 4:18-CV-192 RWS<br>) |
| vs. | )<br>) |
| PNC BANK, N.A., | )<br>) |
| Defendant. | ) |

**FIRST AMENDED PETITION FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiffs by undersigned counsel and for the Plaintiffs' cause of action against Defendant states as follows:

1. Plaintiff, LaTerryl Saddler, is a person residing in St. Louis County, Missouri.

2. Plaintiff, Saddler Residential Care Facility, Inc., is a Missouri Corporation authorized to do business in the State of Missouri of which Plaintiff LaTerryl Saddler is president.

3. Plaintiffs operate a residential care facility for the aged and infirm located at 730 Hodiamont, St. Louis, Missouri.

4. Defendant is a corporation authorized to do business in the State of Missouri. The claim pleaded herein arises in the City of St. Louis. This Court has jurisdiction of this action by reason of §§ 527.010 et seq., RSMo.

5. On or about July, 1998 Plaintiffs entered into a Deed of Trust and note with Allegiant Bank for the purchase of certain real property described as follows:

1

LOT 20 OF HAMILTON PLACE AND IN BLOCK 4542 OF THE CITY OF
ST. LOUIS, FRONTING 166 FEET 5 INCHES ON THE SOUTH LINE OF
ENRIGHT AVENUE, BY A DEPTH SOUTHWARDLY ON THE EAST LINE
OF 177 FEET 6 INCHES AND ON THE WEST LINE OF 202 FEET 8 1/8
INCHES TO AN ALLEY; BOUNDED WEST BY HODIAMONT AVENUE,
EXCEPTING THEREFROM THE SOUTHERN 5 FEET CONVEYED TO THE
LAND CLEARANCE FOR DEVELOPMENT AUTHORITY OF THE CITY OF
ST. LOUIS BY DEED RECORDED IN BOOK 8778 PAGE 71.

The Real Property or its address is commonly known as 730 HODIAMONT A/K/A 6020 ENRIGHT, ST. LOUIS, MO 63112.

Among other things, the deed of trust secured a principal amount of $96,000 payable in 35 principal payments of $800.00 each, one final principal and interest payment of $68,585.56. (Exhibit A)

6. Plaintiffs' loan has been assigned to several different financial institutions over the life of the note without Plaintiff's consent and has for the past several years been serviced by Defendant PNC Bank.

7. With each assignment the principal has appreciated without explanation although Plaintiff has duly made her payments. Plaintiff has requested that Defendant provide her an accounting of her payments, an explanation of the appreciation of her loan and copies of record chain of title; however Defendant has failed and refused to do so.

8. On October 17, 2017 PNC Bank notified Plaintiff that it was calling in her loan and that the aggregate balance of the note, as of January 3, 2018 was $106,581.07. (Exhibits A-2 & B). Plaintiffs dispute this figure and assert that the balance should be satisfied, that is, the balance should be zero. In Exhibit A-2 Defendant has made foreclosure imminent. Should foreclosure occur Plaintiffs will be essentially put out of business. Specifically, in Exhibit A-2 at page 2 it states: "If payment in full is not made within fifteen (15) days of receipt of this letter, Lender has instructed us to proceed to

enforce it rights and remedies under the Note and the Collateral Documents, including, but not limited to, filing suit on the Note and the Guaranty, and as otherwise permitted under law or in equity."

9. On information and belief, Defendant has failed to properly credit Plaintiff's payments against her loan and Defendant does not possess record chain of title to call in Plaintiff's loan and thus foreclose on the property. As Plaintiffs' note has traveled the musical chairs of financial servicers, on information and belief it appears that the balance of Plaintiffs' note has arbitrarily changed and is not being administered according to the terms and conditions originally agreed to in the note and collateral documents. Specifically, the balance claimed as owed is incorrect and fails to represent all payments toward principal and interest Plaintiffs have made.

10. A real and subsisting controversy exists between the parties hereto concerning the construction of the Deed of Trust, the note, payments made toward the principal and whether Defendant possesses a valid transferable interest that would posit necessary authority to call the Plaintiff's loan and foreclose thereon.

11. Plaintiff has no adequate alternative remedy at law.

WHEREFORE, Plaintiff prays that this court enter its declaratory judgment construing the provisions of the Deed of Trust and note as well as the record chain of title and require Defendant to account for all payments paid by Plaintiff from the inception of the note; declaring that defendant has failed to properly credit all of Plaintiff's payments and that Defendant lacks valid record chain of title and therefore is wrongfully calling in Plaintiff's loan and threatening foreclosure; an order staying any action by Defendant to

foreclose until this cause is determined and for such other relief as the Court shall find just and proper, together with the costs of this action.

Respectfully submitted:

/s/Charles E. Kirksey, Jr.

CHARLES E. KIRKSEY, JR. Mo. Bar #24792
ATTORNEY FOR DEFENDANT
7382 Pershing Ave., 1 West
University City, Mo. 63130
(314)863-5001  Fax (314)863-5007
charlesekirksey@cs.com

**CERTIFICATE OF SERVICE**: I hereby certify that a true and accurate copy of the foregoing was filed electronically via the Court's e-filing system on this 22d day of March, 2018 to: All counsel of record.

By: /s/ C. Kirksey