**1722-CC12020**

RECORDATION REQUESTED BY:
ALLEGIANT BANK
2122 KRATKY ROAD
ST. LOUIS, MO 63114

WHEN RECORDED MAIL TO:
ALLEGIANT BANK
2122 KRATKY ROAD
ST. LOUIS, MO 63114

SEND TAX NOTICES TO:
TERRENCE SADDLER and LATERRYL SADDLER
730 HODIAMONT
ST. LOUIS, MO 63112


PLAINTIFF'S EXHIBIT A

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE ONLY

# DEED OF TRUST *TKS by *her husband.*
## WITH FUTURE ADVANCES AND FUTURE OBLIGATIONS
### GOVERNED BY SECTION 443.055 RSMO
**THE TOTAL PRINCIPAL AMOUNT OF ALL OBLIGATIONS SECURED IS $96,000.00.**

THIS DEED OF TRUST IS DATED JULY 1, 1998, among TERRENCE SADDLER and LATERRYL SADDLER, VESTING AS FOLLOWS: LATERRYL SADDLER & TERRANCE K. SADDLER, HIS WIFE, whose address is 730 HODIAMONT, ST. LOUIS, MO 63112 (referred to below as "Grantor"); ALLEGIANT BANK, whose address is 2122 KRATKY ROAD, ST. LOUIS, MO 63114 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and RICHARD G. TOWERS, whose address is 105 FRONTIERS EDGE, ST. PETERS, MO 63376 (referred to below as "Trustee").

**CONVEYANCE AND GRANT.** For valuable consideration, Grantor does hereby grant, bargain, sell, convey and confirm unto the Trustee for the benefit of Lender as Beneficiary the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); all proceeds (including insurance proceeds); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, located in **the City of St Louis, State of Missouri** (the "Real Property"):

LOT 20 OF HAMILTON PLACE AND IN BLOCK 4542 OF THE CITY OF ST. LOUIS, FRONTING 166 FEET 5 INCHES ON THE SOUTH LINE OF ENRIGHT AVENUE, BY A DEPTH SOUTHWARDLY ON THE EAST LINE OF 177 FEET 6 INCHES AND ON THE WEST LINE OF 202 FEET 8 1/8 INCHES TO AN ALLEY; BOUNDED WEST BY HODIAMONT AVENUE, EXCEPTING THEREFROM THE SOUTHERN 5 FEET CONVEYED TO THE LAND CLEARANCE FOR REDEVELOPMENT AUTHORITY OF THE CITY OF ST.LOUIS BY DEED RECORDED IN BOOK 8778 PAGE 71.

The Real Property or its address is commonly known as 730 HODIAMONT A/K/A 6020 ENRIGHT, ST. LOUIS, MO 63112.

Grantor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants Lender a Uniform Commercial Code security interest in the Rents and the Personal Property defined below.

**DEFINITIONS.** The following words shall have the following meanings when used in this Deed of Trust. Terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code. All references to dollar amounts shall mean amounts in lawful money of the United States of America.

**Beneficiary.** The word "Beneficiary" means ALLEGIANT BANK, its successors and assigns. ALLEGIANT BANK also is referred to as "Lender" in this Deed of Trust.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Grantor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Grantor.** The word "Grantor" means any and all persons and entities executing this Deed of Trust, including without limitation TERRENCE SADDLER and LATERRYL SADDLER.

**Guarantor.** The word "Guarantor" means and includes without limitation any and all guarantors, sureties, and accommodation parties in connection with the Indebtedness.

**Improvements.** The word "Improvements" means and includes without limitation all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal and interest payable under the Note and any amounts expended or advanced by Lender to discharge obligations of Grantor or expenses incurred by Trustee or Lender to enforce obligations of Grantor under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust. This Deed of Trust secures, in addition to the amounts specified in the Note, future advances in the amount of $96,000.00, together with all interest thereon, which future advances Lender is obligated to make so long as Grantor complies with all the terms and conditions of the Note or other loan agreement; however, in no event shall such future advances (excluding interest) exceed in the aggregate $96,000.00. The total principal amount of obligations

| | | |
|---|---|---|
| 1109. | | |
| 1110. Owner's Coverage | $ | |
| 1111. | | |
| 1112. | | |
| 1113. | | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | |
| 1201. Recording Fees: Deed $ 22.00 ;Mortgage $ 42.00 ;Releases $ 22.00 | | |
| 1202. City/County Tax/Stamps: Deed $ ;Mortgage $ | | 64.00 |
| 1203. State Tax/Stamps: Deed $ ;Mortgage $ | | |
| 1204. Record Marital Waiver to Title Insurers Agency, Inc. | | |
| 1205. Record DT on 1541 Keelen to County Reg. of Deeds | | 22.00 |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | |
| 1301. Survey | | 37.00 |
| 1302. Pest Inspection to Sherrill Associates | | |
| 1303. Feb. thru May sewer to Metropolitan Sewer District | | 400.00 |
| 1304. | | |
| 1305. | | 367.62 |
| 1400. TOTAL SETTLEMENT CHARGES (Enter On Lines 103, Section J and 502, Section K) | | 3,887.62 |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this 2 page statement.

(10/C34762)
Certified to be a true copy

*Deborah K. Erickson*
Title Insurers Agency, Inc.
Settlement Agent

Electronically Filed - City of St. Louis - December 26, 2017 - 11:58 AM

Case: 4:18-cv-00192 Doc. #: 1-1 Filed: 02/02/18 Page: 6 of 13 PageID #: 11

SETTLEMENT STATEMENT PAGE

| L. SETTLEMENT CHARGES | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700. Total Sales/Brokers Commissions Based on Price $ | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. $ to | | | |
| 702. $ to | | | |
| 703. Commission Paid at Settlement | | | |
| 704. | | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | | |
| 801. Loan Origination Fee 1.0000 % to Allegiant Mortgage Co. | | | |
| 802. Loan Discount % to | | 960.00 | |
| 803. Flood Letter to Allegiant Mortgage Co. | | | |
| 804. Appraisal Fee to Allegiant Mortgage Co. | | 15.00 | |
| 805. Lender's Inspection Fee to | | 1,500.00 | |
| 806. Mortgage Ins. App. Fee to | | | |
| 807. Assumption Fee to | | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | |
| 901. Interest from to @$ /day( days %) | | | |
| 902. Mortgage Insurance Premium for months to | | | |
| 903. Hazard Insurance Premium for years to | | | |
| 904. to | | | |
| 905. to | | | |
| 1000. RESERVES DEPOSITED WITH LENDER | | | |
| 1001. Hazard Insurance months @ $ per month | | | |
| 1002. Mortgage Insurance months @ $ per month | | | |
| 1003. City/town Taxes months @ $ per month | | | |
| 1004. County Taxes months @ $ per month | | | |
| 1005. Assessments months @ $ per month | | | |
| 1006. months @ $ per month | | | |
| 1007. months @ $ per month | | | |
| 1008. Aggregate Adj. months @ $ per month | | | |
| 1100. TITLE CHARGES | | | |
| 1101. Settlement or Closing Fee to Title Insurers Agency, Inc. | | | |
| 1102. Deliver Payoff to Title Insurers Agency, Inc. | | 75.00 | |
| 1103. Delivery Fee to Title Insurers Agency, Inc. | | | |
| 1104. Title Insurance Binder to Title Insurers Agency, Inc. | | | |
| 1105. Document Preparation to Title Insurers Agency, Inc. | | | |
| 1106. Notary Fees to Title Insurers Agency, Inc. | | | |
| 1107. Attorney's Fees to Title Insurers Agency, Inc. | | | |
| (includes above item numbers: ) | | | |
| 1108. Title Insurance to Title Insurers Agency, Inc. | | 447.00 | |
| (includes above item numbers: ) | | | |
| 1109. Lender's Coverage $ 96,000.00 | | | |
| 1110. Owner's Coverage $ 120,000.00 | | | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | |
| 1201. Recording Fees: Deed $ 22.00 ;Mortgage $ 42.00 ;Releases $ 22.00 | | | |
| 1202. City/County Tax/Stamps: Deed $ ;Mortgage $ | | 64.00 | |
| 1203. State Tax/Stamps: Deed $ ;Mortgage $ | | | |
| 1204. Record Marital Waiver to Title Insurers Agency, Inc. | | | |
| 1205. Record DT on 1541 Keelen to County Reg. of Deeds | | 22.00 | |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | 37.00 | |
| 1301. Survey to Sherrill Associates | | | |
| 1302. Pest Inspection to | | 400.00 | |
| 1303. Feb. thru May sewer to Metropolitan Sewer District | | | |
| 1304. | | 367.62 | |
| 1305. | | | |

| | | | |
|---|---:|---|---:|
| 205. | | 505. Payoff of ... | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. loan proceeds 1541 Keelen | 13,000.00 | 508. loan proceeds 1541 Keelen | |
| 209. Security Deposits | 1,650.00 | 509. Security Deposits | |
| Adjustments for items unpaid by Seller | | Adjustments for items unpaid by Seller | |
| 210. City/town Taxes  01-01-98 to 07-01-98 | 684.03 | 510. City/town Taxes  01-01-98 to 07-01-98 | |
| 211. County Taxes  to | | 511. County Taxes  to | |
| 212. Assessments  to | | 512. Assessments  to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 112,334.03 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT TO/FROM SELLER | |
| 301. Gross Amt Due from Borrower   (line 120) | 123,887.62 | 601. Gross Amount Due to Seller   (line 420) | |
| 302. Less Amt Paid by/for Borrower  (line 220) | (112,334.03) | 602. Less Reductions Due Seller   (line 520) | |
| 303. CASH  [X] FROM  [ ] TO  BORROWER | 11,553.59 | 603. CASH  [ ] TO  [ ] FROM  SELLER | |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.

BORROWER _Terryl Saddler_

BORROWER _Laurie K. Saddler_

Case: 4:18-cv-00192   Doc. #:  1-1   Filed:  02/02/18   Page: 8 of 13 PageID #: 13

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call | Collateral | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|---|
| $96,000.00 | 07-01-1998 | 06-22-2001 | 308601 | 102 | 126 | | BMD | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.

**Borrower:** TERRENCE SADDLER (SSN: 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)
LATERRYL SADDLER (SSN: 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)
730 HODIAMONT
ST. LOUIS, MO 63112

**Lender:** ALLEGIANT BANK
2122 KRATKY ROAD
ST. LOUIS, MO 63114

**Principal Amount: $96,000.00**    **Initial Rate: 10.000%**    **Date of Note: July 1, 1998**

**PROMISE TO PAY.** I promise to pay to ALLEGIANT BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of Ninety Six Thousand & 00/100 Dollars ($96,000.00), together with interest on the unpaid principal balance from June 22, 1998, until paid in full. The interest rate will not increase above 24.000%.

**PAYMENT.** Subject to any payment changes resulting from changes in the Index, I will pay this loan in 35 principal payments of $800.00 each and one final principal and interest payment of $68,585.56. My first principal payment is due July 22, 1998, and all subsequent principal payments are due on the same day of each month after that. In addition, I will pay regular monthly payments of all accrued unpaid interest due as of each payment date. My first interest payment is due July 22, 1998, and all subsequent interest payments are due on the same day of each month after that. My final payment due June 22, 2001, will be for all principal and accrued interest not yet paid. The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. I will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing. Unless otherwise agreed or required by applicable law, payments will be applied first to accrued unpaid interest, then to principal, and any remaining amount to any unpaid collection costs and late charges.

**VARIABLE INTEREST RATE.** The interest rate on this Note is subject to change from time to time based on changes in an index which is the CORPORATE MARKET RATE OF INTEREST (the "Index"). The Index is not necessarily the lowest rate charged by Lender on its loans and is set by Lender in its sole discretion. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notifying me. Lender will tell me the current Index rate upon my request. I understand that Lender may make loans based on other rates as well. The interest rate change will not occur more often than each day. The Index currently is 8.500% per annum. The interest rate to be applied to the unpaid principal balance of this Note will be at a rate of 1.500 percentage points over the Index, adjusted if necessary for the minimum and maximum rate limitations described below, resulting in an initial rate of 10.000% per annum. Notwithstanding any other provision of this Note, the variable interest rate or rates provided for in this Note will be subject to the following minimum and maximum rates. NOTICE: Under no circumstances will the interest rate on this Note be less than 9.500% per annum or more than the lesser of 24.000% per annum or the maximum rate allowed by applicable law. Unless waived by Lender, any increase in the interest rate will increase the amounts of my interest payments.

**PREPAYMENT.** I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, they will reduce the principal balance due and may result in me making fewer payments.

**LATE CHARGE.** If a payment is **16 days or more late**, I will be charged 5.000% of the regularly scheduled payment or $25.00, whichever is greater.

**DEFAULT.** I will be in default if any of the following happens: (a) I fail to make any payment when due. (b) I break any promise I have made to Lender, or I fail to comply with or to perform when due any other term, obligation, covenant, or condition contained in this Note or any agreement related to this Note, or in any other agreement or loan I have with Lender. (c) Any representation or statement made or furnished to Lender by me or on my behalf is false or misleading in any material respect either now or at the time made or furnished. (d) I die or become insolvent, a receiver is appointed for any part of my property, I make an assignment for the benefit of creditors, or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws. (e) Any creditor tries to take any of my property on or in which Lender has a lien or security interest. This includes a garnishment of any of my accounts with Lender. (f) Any of the events described in this default section occurs with respect to any guarantor of this Note. (g) Lender in good faith deems itself insecure.

If any default, other than a default in payment, is curable and if I have not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured (and no event of default will have occurred) if I, after receiving written notice from Lender demanding cure of such default: (a) cure the default within fifteen (15) days; or (b) if the cure requires more than fifteen (15) days, immediately initiate steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continue and complete all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, subject to my rights to cure under Missouri law, if any, Lender may declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due, and then I will pay that amount. Upon default, including failure to pay upon final maturity, Lender, at its option, may also, if permitted under applicable law, increase the variable interest rate on this Note to 5.500 percentage points over the Index. The interest rate will not exceed the maximum rate permitted by applicable law. Lender may hire or pay someone else to help collect this Note if I do not pay. I also will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law. This Note has been delivered to Lender and accepted by Lender in the State of Missouri. If there is a lawsuit, I agree upon Lender's request to submit to the jurisdiction of the courts of ST. LOUIS County, the State of Missouri. This Note shall be governed by and construed in accordance with the laws of the State of Missouri.

**RIGHT OF SETOFF.** I grant to Lender a contractual possessory security interest in, and hereby assign, convey, deliver, pledge, and transfer to Lender all my right, title and interest in and to, my accounts with Lender (whether checking, savings, or some other account), including without limitation all accounts held jointly with someone else and all accounts I may open in the future, excluding however all IRA and Keogh accounts, and all trust accounts for which the grant of a security interest would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on this Note against any and all such accounts.

**COLLATERAL.** This Note is secured by A DEED OF TRUST DATED 7/01/98 ON 730 HODIAMONT A/K/A 6020 ENRIGHT ST. LOUIS, MO 63112.

**GENERAL PROVISIONS.** Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, protest and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker,



PLAINTIFF'S EXHIBIT A-2

Abby E. Schaberg
Email aschaberg@jenkinskling.com

**JENKINS & KLING, P.C.**
ATTORNEYS AT LAW

Admitted to Practice in
Missouri and Illinois

January 5, 2018

**Via Certified Mail, Return Receipt Requested
and U.S. First-Class Mail**

Saddler Residential Care Facility, Inc.
730 Hodiamont Ave.
St. Louis, MO 63112-2002

La'Terryl Saddler
730 Hodiamont Ave.
St. Louis, MO 63112-2002

La'Terryl Saddler
4402 Karen Ann Ct.
Florissant, MO 63034-0000

RE: *NOTICE OF DEFAULT AND DEMAND FOR PAYMENT*

Dear Borrower and Guarantors:

This firm and the undersigned represent PNC Bank, N.A. ("*Lender*") in connection with the following loan (the "*Loan*") to Saddler Residential Care Facility, Inc. ("*Borrower*"). As you may be aware, Allegiant Bank was acquired by National City Bank, which was subsequently acquired by Lender. The Loan is evidenced by and Borrower is indebted to Lender pursuant to that certain promissory note dated July 1, 2003 in the original principal amount of $178,006.62 executed by Borrower in favor of Allegiant Bank, as amended and restated by that certain promissory note dated July 1, 2006 in the principal amount of $157,255.78 executed by Borrower in favor of National City Bank (collectively, the "*Note*"). The Note was modified pursuant to that certain Modification Agreement dated February 2, 2010 by and between Borrower and Lender (the "*Modification Agreement*"). Pursuant to the certain Forbearance Agreement dated December 31, 2012 (the "*Forbearance Agreement*") executed by Lender, Borrower, and Guarantor (hereinafter defined), Lender agreed to forbear from immediately pursuing Lender's default, enforcement and collection rights and remedies under the Note and Collateral Documents (hereinafter defined) until January 1, 2018 subject to the terms and conditions contained in the Forbearance Agreement.

The Loan is secured by, among other things: (1) that certain deed of trust dated July 1, 1998 and recorded on July 22, 1998 in Book 1413, Page 1863, in the Recorder of Deeds Office of St. Louis City, Missouri (the "*First Deed of Trust*"); (2) that certain deed of trust dated July 1, 2003 and recorded on August 19, 2003 in Book 08192003, Page 0120, in the Recorder of Deeds Office of St. Louis City, Missouri (the "*Second Deed of Trust*"); and (3) that certain commercial guaranty executed by La'Terryl Saddler ("*Guarantor*") dated July 1, 2006 (the "*Guaranty*"). The First Deed of Trust, the Second Deed of Trust, and the Guaranty are sometimes hereinafter referred to collectively as the "*Collateral Documents*." The Loan may be secured by other collateral and agreements not listed herein and such documents shall continue to secure the Loan regardless of whether they are specifically listed. Lender does not waive any rights with respect to any collateral or agreements not specifically listed herein.

Lender has informed us that certain events of default have occurred and are continuing to occur under the Note, including, without limitation, the following: (a) the failure to pay the Loan in full at maturity on or before January 1, 2018 pursuant to the Forbearance Agreement; (b) the failure to make

Saddler Residential Care Facility, Inc.
La'Terryl Saddler
January 5, 2018
Page 2

payments when due; and (c) the failure to pay real estate property taxes in accordance with the abovementioned deeds of trust. Additional events of default may have occurred under the Note and the Collateral Documents and Lender reserves all rights arising under any events of default regardless of whether they are specifically listed herein. You are hereby informed that Lender has exercised and does hereby declare all sums under the Note immediately due and payable in full. All rights to further advances on any lines of credit under the Loan, if any, are hereby terminated. Lender hereby demands strict compliance with the terms of the Note.

**THIS LETTER CONSTITUTES A NOTICE OF DEFAULT AND DEMAND FOR PAYMENT IN FULL OF ALL PRINCIPAL, INTEREST, LATE FEES AND OTHER COSTS DUE ON OR WITH RESPECT TO THE NOTE. PLEASE BE ADVISED THAT ALL FORBEARANCE, DEFERMENT, FORMS OF PAYMENT RELIEF AND OTHER NEGOTIATIONS OR DISCUSSIONS REGARDING THE NOTE, IF ANY, ARE HEREBY TERMINATED.**

You are hereby informed that any partial payment made by you, or acceptance of any partial payment by Lender or any of its representatives or loan servicing agents, of any amount that is not sufficient to pay the total sums due under the Loan or that is not sufficient to satisfy any future obligations under the Note is not intended, and shall not be deemed, to be a modification, rearrangement, reinstatement, or extension of the existing Note and Collateral Documents. Any such payment shall be applied in such order as Lender may elect in its sole discretion, without any waiver by Lender of its right to pursue any of its rights and remedies under the Note and the Collateral Documents, under law or in equity.

Please note that no past or future discussions, correspondence, meetings, or other communications between you and Lender or its officers shall constitute an agreement to modify the terms of the Note until these have been reduced to a written agreement, executed by you and the Lender, and approved by the management of Lender. Likewise, Lender may agree to meet with you in connection with the Note. No such meeting (nor any related discussions or communications between Lender and you) shall be considered an agreement to modify the terms of the Note or to forbear from enforcement of the Note until the above requirements are met.

As of January 3, 2018, the aggregate balance due under the Note is **$106,581.07**, together with interest, late fees, and attorneys' fees obligated to be paid under the Note and Guaranty which have accrued after such date and continue to accrue. **DEMAND IS HEREBY MADE UPON BORROWER UNDER THE NOTE AND UPON GUARANTOR UNDER THE GUARANTY FOR IMMEDIATE PAYMENT OF THE FOREGOING AMOUNTS.** Interest is accruing as a per diem rate of $16.54.

If payment in full is not made **within fifteen (15) days of receipt of this letter**, Lender has instructed us to proceed to enforce its rights and remedies under the Note and the Collateral Documents, including, but not limited to, filing suit on the Note and the Guaranty, and as otherwise permitted under law or in equity. No further notice will be sent to you, other than the service of summons or such foreclosure notices as are required by law, prior to the exercise of such remedies. You shall also be liable for attorneys' fees and costs incurred by Lender in the exercise of its rights and remedies. Because interest continues to accrue and the Note allows for the recovery of attorneys' fees and costs incurred, an adjustment may be necessary at the time of payment.

Saddler Residential Care Facility, Inc.
La'Terryl Saddler
January 5, 2018
Page 3

      You may contact Lender to ascertain the exact amount due and payable for the date of your payment. Payment of the Note should be made as follows:

> PNC Bank, N.A.
> 101 W. Washington St.
> Indianapolis, IN 46255
> Locator I1-Y013-05-8
> Attn: Ms. Casey Young, Asset Manager
> Telephone Number: (317) 267-6197
> Email: cyoung@pnc.com

      This letter shall not constitute a waiver of any rights or remedies of Lender under the Note or the Collateral Documents, under law or in equity.

Sincerely,

JENKINS & KLING, P.C.

By: _Abby E. Schaberg_ (signature)
    Abby E. Schaberg

cc:  Ms. Casey Young (via email)
      Michael P. Stephens, Esq. (via email)
      Carlson Dash (via email)



October 17, 2017

**VIA OVERNIGHT MAIL**
Saddler Residential Care Facility, Inc.
730 Hodlemont Ave
St Louis, MO 63112
Attention: Laterryl Saddler, President



PLAINTIFF'S EXHIBIT 6

Re: Notice of Nonrenewal related to Promissory Note dated July 1, 2006 as amended or modified (the "Note") made by Saddler Residential Care Facility, Inc. to PNC Bank, National Association, successor to National City Bank (the "Bank") in the originally stated principal amount of $157,255.78

Dear Ms. Saddler:

This letter is to inform you of important decisions we have made regarding our loan relationship with you. The Bank has repositioned its lending strategy. As a part of that repositioning, we have reviewed our portfolio and determined that our current loan relationship with you does not fit within our future banking businesses.

Accordingly, we are asking you now to seek replacement financing for the outstanding loan relationship you have with the Bank, as we do not intend to extend the relationship beyond the termination date of January 1, 2018. During this period, we will continue to work with you to assist your transitioning your facilities to a new lender in an orderly manner. Of course, we also expect that you will continue to be in compliance with the terms of your loan documentation during this transition period.

Notwithstanding our desire to end that part of our overall relationship with you, any other unrelated obligations you may have with us remain unaffected by this transition. Feel free to call us at 412-762-6116 if you have any questions regarding this letter.

Very truly yours,

PNC BANK, NATIONAL ASSOCIATION

By: *Jeanine Presto*
Jeanine Presto
Vice President
Commercial Banking, Asset Resolution Team
249 Fifth Avenue, 9th Floor
Pittsburgh, PA 15222
(412) 762-6116 Phone
(412) 762-5984 Facsimile

Saddler Residential Care Facility, Inc.
October 17, 2017
Page 2


cc: Latterryl Saddler, Guarantor
    Lisa Stauffer, Esquire