**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **LATTERYLY SADDLER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:18-cv-000192 |
| v. | ) |
| | ) |
| **PNC BANK, N.A.** | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT PNC BANK, N.A.'S COUNTERCLAIM AGAINST PLAINTIFFS
LATERRYL SADDLER AND SADDLER RESIDENTIAL CARE FACILITY, INC.**

COMES NOW Defendant / Counterclaim Plaintiff PNC Bank, N.A. ("**Lender**"), by and through undersigned counsel, and for its Counterclaim against Plaintiffs / Counterclaim Defendants Laterryl Saddler and Saddler Residential Care Facility, Inc. (collectively, "**Debtors**") states to this Honorable Court as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

*Parties*

1. At all times relevant herein, Lender was and is a federally chartered banking institution, organized and existing pursuant to law, and having its principal place of business in the City of Pittsburgh, State of Pennsylvania.

2. Upon information and belief, at all times relevant herein, Plaintiff / Counterclaim Defendant Laterryl Saddler ("**Guarantor**") was and is a resident of the State of Missouri, having her principal place of residence in the County of St. Louis, State of Missouri.

3. Upon information and belief, at all times relevant herein, Plaintiff / Counterclaim Defendant Saddler Residential Care Facility, Inc. ("**Borrower**") was and is a Missouri

1

corporation, duly organized and existing under the laws of the State of Missouri, with its principal place of business in the County of St. Louis, State of Missouri.

*Jurisdiction and Venue*

4. Jurisdiction is proper in this Court because Guarantor filed suit in the Circuit Court of the City of St. Louis, which was removed by Lender to this judicial district, and pursuant to 28 U.S.C. § 1332 as the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and there is complete diversity of citizenship between Debtors and Lender.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Debtors are residents of this judicial district and because Guarantor filed suit in the Circuit Court of the City of St. Louis, which was removed by Lender to this judicial district.

*The Note*

6. On or around July 1, 2003, Borrower executed that certain promissory note in favor of Allegiant Bank in the original principal amount of $178,006.62 (the "**2003 Note**")[1]. A true and accurate copy of the 2003 Note is attached hereto and incorporated herein by reference as Lender's **Exhibit "1"**.

7. Subsequently, Allegiant Bank merged with National City Bank, and on or around July 1, 2006, the 2003 Note was amended and restated by that certain promissory note of even date, executed by Borrower in favor of National City Bank in the original principal amount of $157,255.78 (the "**2006 Note**"). A true and accurate copy of the 2006 Note is attached hereto and incorporated herein by reference as Lender's **Exhibit "2"**.

---

[1] For a loan fee of $886.00, the 2003 Note consolidated and paid off three (3) personal loans due and owing by Guarantor and her husband to Allegiant Bank: (1) Loan 366519 in the amount of $119,268.04, concerning a first lien on the Property (hereinafter defined); (2) Loan 371008 in the amount of $38,958.24, concerning a second lien on the Property (hereinafter defined); and (3) Loan 360454 in the amount of $18,894.34, concerning a consumer vehicle loan for Lexus vehicle. Further, prior to being consolidated by the 2003 Note, Loan 366519 had previously modified Loan 308601 to, at the request of Guarantor and her husband, increase the principal balance due thereunder by $29,755.00.

8. Subsequently, Lender acquired National City Bank, and on or around February 2, 2010, the 2006 Note was modified to, among other things, extend the maturity date, adjust the interest rate, and modify the monthly payments pursuant to that certain modification agreement dated February 2, 2010, executed by and between Borrower and PNC Bank (the "**Modification Agreement**") (hereinafter, the 2006 Note, as modified by the Modification Agreement is referred to as the "**Note**"). A true and accurate copy of the Modification Agreement is attached hereto and incorporated herein by reference as Lender's **Exhibit "3"**.

9. Pursuant to the Note, Borrower promised to pay Lender the principal amount of the debt, in addition to interest on the outstanding principal balance at an interest rate as more fully set forth therein.

10. Pursuant to the Note, all principal and all accrued interest not yet paid was due and payable on March 1, 2012.

### *The Guaranty*

11. The Note is secured by, among other things, that certain commercial guaranty dated July 1, 2006, executed by Guarantor in favor of National City Bank and its successors and assigns (the "**Guaranty**"), whereby Guarantor absolutely and unconditionally guaranteed and promised to pay when due the Indebtedness (as defined therein) of Borrower to National City Bank and its successors and assigns. A true and accurate copy of the Guaranty is attached hereto and incorporated herein by reference as Lender's **Exhibit "4"**.

### *The Deed of Trust*

12. The Note is further secured by, among other things, that certain deed of trust dated July 1, 2003 and recorded on August 19, 2003 in Book 08192003, Page 0120, in the

Recorder of Deeds Office of St. Louis City, Missouri (the "**DOT**"). A true and accurate copy of the DOT is attached hereto and incorporated herein by reference as Lender's **Exhibit "5"**.

13. The DOT encumbers that certain real property and improvements commonly known and numbers as 730 Hodiamont Avenue, St. Louis Missouri 63112, situated in the City of St. Louis, State of Missouri, (the "**Property**") and more specifically described as:

> Lot 20 of HAMILTON PLACE and in Block 4542 of the City of St. Louis, fronting 166 feet 5 inches on the South line of Enright Avenue, by a depth Southwardly on the East line of 177 feet 6 inches and on the West line of 202 feet 8-1/8 inches to an alley; bounded West by Hodiamont Avenue, EXCEPTING THEREFROM the Southern 5 feet conveyed to The Land Clearance for Redevelopment Authority of the City of St. Louis by deed recorded in Book 8778 Page 71.

*Forbearance Agreement*

14. On or around December 31, 2012, as a result of Borrower's defaults under the Note and Guarantor's defaults under the Guaranty, including, without limitation, the failure to pay the Note in full upon maturity, Borrower and Guarantor executed that certain forbearance agreement in favor of Lender (the "**Forbearance Agreement**"). A true and accurate copy of the Forbearance Agreement is attached hereto and incorporated herein by reference as Lender's **Exhibit "6"**.

15. Pursuant to the Forbearance Agreement, Lender agreed to forbear from immediately enforcing its rights and remedies under the Loan Documents (hereinafter defined) until January 1, 2018 subject to the terms and conditions contained therein.

16. Pursuant to the Forbearance Agreement, Borrower and Guarantor confirmed, admitted, and acknowledged, among other things, the following:

a. The Note, the Guaranty, and the DOT (collectively, the "**Loan Documents**") are valid and binding obligations of each obligor that is a party thereto and are fully enforceable in accordance with all stated terms;

b. The duties of each of the obligors to pay and perform their obligations to Lender in accordance with the terms of the Loan Documents are not subject to any set-offs, defenses or counterclaims;

c. The amounts due under the Note; and

d. Borrower and Guarantor were in default under the Loan Documents.

17. Pursuant to the Forbearance Agreement, Borrower and Guarantor acknowledged and agreed to pay in full all sums due under the Note by January 1, 2018.

18. As of April 12, 2018, Borrower and Guarantor have not paid all sums due under the Loan Documents, and the balance of $120,165.94, accruing interest, and Lender's attorneys' fees and costs remain due and owing to Lender.

## COUNT I
### Breach of Note
### (Lender v. Borrower)

COMES NOW Lender, and for Count I of its Counterclaim against Borrower, states to this Honorable Court as follows:

19. Lender realleges, restates and incorporates by reference each and every allegation contained in the Allegations Common to All Counts as if more fully set forth herein.

20. Lender has performed all of its duties and obligations under the Note, or in the alternative, Lender is excused from further performance under the Note by virtue of Borrower's breach as hereinafter set forth.

21. All conditions precedent to Borrower's performance under the Note have occurred.

22. Borrower has failed and refused to adhere to the terms of the Note and has breached the terms of the Note by failing to pay the real estate taxes for the Property, to make payments when due thereunder and to pay the Note in full upon maturity.

23. The Note provides that, in the event of default thereunder, including failure to pay upon final maturity, Lender is entitled to interest on the Note at the rate of thirteen percent (13%) per annum.

24. The Note further provides that, in the event a payment is more than ten (10) days late, a late charge equal to five percent (5%) of the unpaid portion of the regularly scheduled payment or $20.00, whichever is greater, shall be imposed upon Borrower.

25. The Note further provides that Borrower shall pay all costs of collection in the event of default, including Lender's attorneys' fees, legal expenses and court costs.

26. By letter dated January 5, 2018, Lender's counsel notified Borrower of its defaults under the Note and made demand upon Borrower under the Note for immediate payment of all amounts due thereunder. A true and accurate copy of the January 5, 2018 letter is attached hereto and incorporated herein by reference as **Exhibit "7"**.

27. Despite demand, Borrower has failed and refused and continues to refuse to pay the sums due under the Note, which remain due and owing.

28. As a direct and proximate result of Borrower's breach of the Note as aforesaid, as of April 12, 2018, Lender has been damaged in the principal sum of $104,271.83, plus accrued and unpaid interest in the amount of $4,636.16, plus accrued and unpaid late charges in the amount of $6,645.52, plus real estate taxes in the amount of $4,612.43, for the total aggregate

sum of $120,165.94, plus Lender's attorneys' fees and costs incurred in connection with collecting under the Note.

WHEREFORE, Lender prays that judgment be entered in Count I in its favor and against Borrower in the principal amount of $104,271.83, plus accrued and unpaid interest in the amount of $4,636.16, plus accrued and unpaid late charges in the amount of $6,645.52, plus real estate taxes in the amount of $4,612.43, for the total aggregate sum of $120,165.94; for interest at the highest rate allowed by law from April 12, 2018 to the date of satisfaction; plus Lender's attorneys' fees and costs incurred in connection with collecting under the Note; and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT II**
**Breach of Guaranty**
**(Lender v. Guarantor)**

COMES NOW Lender, and for Count II of its Counterclaim against Guarantor, states and alleges the following to this Honorable Court:

29. Lender realleges, restates and incorporates by reference each and every allegation set forth in the Allegations Common to All Counts and in Count I as if more fully set forth herein.

30. On or around July 1, 2006, for good and valuable consideration and for the purpose of inducing National City Bank to loan money to Borrower pursuant to the Note, Guarantor executed and unconditionally delivered the Guaranty to National City Bank.

31. As the successor-in-interest to National City Bank, Lender is the owner and holder of the Guaranty, and Lender acquired the right to, among other things, receive payments under the Guaranty.

32. Lender relied on the Guaranty in deciding whether to extend or continue to extend credit to Borrower pursuant to the Note.

33. All conditions precedent to Guarantor's performance under the Guaranty have occurred.

34. On or around January 5, 2018, Lender made demand upon Guarantor under the Guaranty. *See* Lender's **Exhibit "7"**.

35. Despite demand, Guarantor has failed and refused, and continues to refuse to satisfy the terms of the Guaranty and the amounts as hereinafter set forth remain due and owing.

36. Guarantor has breached the Guaranty by refusing to pay Lender the amounts due thereunder.

37. Pursuant to the Guaranty, Lender is entitled to all costs of collection in connection with the enforcement of the Guaranty, including Lender's attorneys' fees, legal expenses and court costs.

38. As a direct and proximate result of Guarantor's breach of the Guaranty as aforesaid, as of April 12, 2018, Lender has been damaged in the principal sum of $104,271.83, plus accrued and unpaid interest in the amount of $4,636.16, plus accrued and unpaid late charges in the amount of $6,645.52, plus real estate taxes in the amount of $4,612.43, for the total aggregate sum of $120,165.94, plus Lender's attorneys' fees and costs incurred in connection with collecting under the Guaranty.

WHEREFORE, Lender prays that judgment be entered in Count II in its favor and against Guarantor in the principal amount $104,271.83, plus accrued and unpaid interest in the amount of $4,636.16, plus accrued and unpaid late charges in the amount of $6,645.52, plus real estate taxes in the amount of $4,612.43, for the total aggregate sum of $120,165.94; for interest

at the highest rate allowed by law from April 12, 2018 to the date of satisfaction; plus Lender attorneys' fees and costs incurred in connection with collecting under the Guaranty; and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT II**
**Petition for Appointment of Receiver**
**(Lender v. Borrower and Guarantor)**

COMES NOW Lender, and for Count III of its Counterclaim against Borrower and Guarantor, states and alleges the following to this Honorable Court:

39. Lender realleges, restates and incorporates by reference each and every allegation set forth in the Allegations Common to All Counts and in Count I and Count II as if more fully set forth herein.

40. To secure repayment of the debt owed by Borrower under the Note, Guarantor and Terrance Saddler (collectively, the "**Grantor**") pledged the Property as collateral.

41. Borrower pledged the Property and improvements thereon to Lender, as successor-in-interest to National City Bank, pursuant the DOT, which secure Borrower's payment of the Note.

42. Lender holds a security interest in the Property to secure a debt of approximately $120,165.94 pursuant to the Note, which is presently past due and owing.

43. The DOT provides, in pertinent part, "Grantor irrevocably grants, bargains, sells and conveys to Trustee, in trust for the benefit of Lender, with power of sale, the following described property…"

44. The DOT further provides, in pertinent part, "Grantor irrevocably grants, conveys and sells to Trustee, in trust for the benefit of Lender, as additional security all right, title and interest in and to, any and all: (A) Existing or future leases, subleases, licenses, guaranties and any other written or verbal agreements for the use and occupancy of any portion of the Property, including any extensions, renewals, modifications or substitutions of such agreements (all referred to as "Leases")… (B) all rents, issues and profits and all rights (all referred to as "Rents"), including but not limited to… and claims which Grantor may have that in any way pertain to or are on account of the use or occupancy of the whole part or any part of the Property."

45. The DOT further provides that the abovementioned assignment by Grantor of the Leases and Rents is immediately effective between the parties to the DOT and effective as to third parties upon a default under the DOT when Lender takes an affirmative action as prescribed by the laws of the state where the Property is located, i.e. the State of Missouri.

46. The DOT provides that, in the event of default thereunder, Lender may take actual possession of the Property without commencing any legal action or proceeding.

47. The DOT provides that, in the event of default thereunder, Lender may foreclose the DOT.

48. The DOT provides that, in the event of default thereunder, Lender shall be entitled to all the remedies provided by law, including, without limitation, the power to sell the Property.

49. The Note and the DOT are governed by Missouri law.

50. Section 515.510 of the Revised Statutes of Missouri provides that:

> …the court, or any judge thereof in vacation, shall have power to appoint a receiver, whenever such appointment shall be deemed necessary, whose duty it shall be to keep and preserve any money

or other thing deposited in court, or that may be subject of a tender, and to keep and preserve all Deed of Trust and protect any business or business interest entrusted to him pending any legal or equitable proceeding concerning the same, subject to order of the court …

51. Additionally, Missouri Supreme Court Rule 68.02 states that:

Whenever in a pending legal or equitable proceeding it appears to the court that a receiver is necessary to keep, preserve and protect any business, business interest or property, including money or other thing deposited in court or the subject of tender, the court, or any judge thereof in vacation, may appoint a receiver whose duty it shall be to keep, preserve, and protect, to the extent and in the manner that the court may direct, that which the receiver is ordered to take into the receiver's charge.

52. Thus, Missouri Law provides Lender with the right to have a receiver appointed to take possession of all or any part of the Property with the power to protect and preserve the Property.

53. As described above, Borrower and Guarantor are in default of the Note and the DOT as a result of their failure to pay the debt owed to Lender under the Note and the Guaranty, and, pursuant to the terms of the DOT, Lender is entitled all the remedies provided by law, which, under Missouri law, includes the appointment of a receiver to take possession of and manage the Property and to collect the rents and profits derived therefrom.

54. Upon information and belief, Borrower and Guarantor are receiving rents from the Property without applying said rents to the indebtedness due under the Note.

55. Unless a receiver is appointed to preserve, protect, manage, and operate the Property in an appropriate fashion, Lender will be immediately and irreparably harmed by its inability to apply profits and rents from the Property toward the debt owed by Borrower and Guarantor to Lender and there is great potential for waste to be committed with regard to the rents or the Property, which threatens a decrease in the value of the Property.

56. Lender has no adequate remedy at law with respect to the Property and the Rents, and is in need of this Court's order appointing a receiver to protect its interests in this matter and to preserve and protect the Property and the Rents from waste or dissipation.

57. Pursuant to the DOT, Lender is entitled to all expenses related to any breach by Guarantor of any covenant in the DOT or any actions taken by Lender to preserve or otherwise protect the Property and Lender's security interest therein.

58. Pursuant to the DOT, Lender is entitled to all costs of collection in connection with the enforcement of Lender's rights and remedies under the DOT, including Lender's attorneys' fees, legal expenses and court costs.

WHEREFORE, Lender prays this Court enter its Order and Judgment appointing a receiver or receivers for the Property to secure the rents and income to reduce the indebtedness due to Lender as aforesaid, that this Court enter its order appointing a receiver or receivers and defining its duties and responsibilities as receiver, for Lender's attorneys' fees and costs expended herein, and for such other and further relief as the Court deems just and proper under the circumstances.

Dated: April 12, 2018

Respectfully submitted,

JENKINS & KLING, P.C.

By: /s/ Sally M. Sinclair
    Michael P. Stephens, #37491MO
    Sally M. Sinclair, #66229MO
    150 N. Meramec Ave., Ste. 400
    St. Louis, MO 63105
    (314) 721-2525 ph.
    (314) 721-5525 fax
    mstephens@jenkinskling.com
    ssinclair@jenkinskling.com

*Attorneys for Defendant / Counterclaim Plaintiff PNC Bank, N.A.*

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on this 12th day of April, 2018, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, to be served by operation of the Court's electronic filing system upon all counsel of record as follows:

Charles E. Kirksey, Jr., Esq.
7382 Pershing Ave., 1 West
University City, MO 63130
charlesekirksey@cs.com
*Counsel for Plaintiffs /*
*Counterclaim Defendants*

                                        /s/ Sally M. Sinclair