IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATTERYLY SADDLER, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.    4:18-cv-000192-RWS |
| v. ) | |
| ) | |
| PNC BANK, N.A. ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiffs pursuant to Rule 56 F.R.C.P. and for their Memorandum of Law in Response to Defendant's Motion for Summary Judgment state as follows:

### I. PRELIMINARY STATEMENT:

The plain language of Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact" since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323.

Rule 56(e) requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex, id.*, 324.

## II. FACTS

In 1998, Plaintiff Saddler and her deceased husband, Terrence Saddler, entered into a loan agreement with Allegiant Bank. The loan was approximately $94,000. A few years later this loan was taken over by National City Bank. Subsequently, PNC Bank notified Saddler that it owned the loan and that she should make her payments to them. The Saddler loan has been renegotiated several times.

As stated in Plaintiff's Exhibit 1, the Bank, for approximately two years, from 2010 to 2012 received payments from Plaintiff Saddler toward the loan, but failed to deduct principle from those payments she made against the loan. During this period the Bank only made deductions of interest and penalties.

The Bank attempted to conceal this fact by having Saddler enter into a "Forbearance Agreement" without disclosing the Bank's errors to her or the purpose for which the Forbearance Agreement was intended.

Plaintiffs' accountant has set forth his findings regarding other repeated irregularities that have arisen during the life of the loan which involve excessive interest payments and penalties. (Plaintiffs' Exhibit 2, Affidavit of Larry Pevnick)

With penalties, interest and attorney's fees the Bank contends that Saddler owes in excess of $180,000 and is now in default. Plaintiff Saddler does not agree with the balance the bank claims she owes.

## III. AFFIDAVIT OF CASEY YOUNG—OBJECTION AND MOTION TO STRIKE

Defendant has offered in support of its Motion for Summary Judgment the Affidavit of a purported PNC employee, Casey Young, self-described as an "Asset Resolution Consultant, Commercial Banking-Asset Resolution." The nature of the

2

Affidavit sounds as though this person is a custodian of records based on the nature and extent of the pleading; testifying in a manner to authenticate documents as business records. Casey Young proceeds to testify as to the identity and nature of documents that were purportedly generated by Allegiant Bank and National City Bank now in the possession of Defendant; and that are likely pertinent to the loan in question. Specifically, the documents to which Plaintiffs refer and object are: Defendant's Exhibits A, B, C, D, E, & F.

A document that is prepared by one business cannot qualify for the business records exception to the hearsay rule merely based on another business's records custodian testifying that it appears in the files of the business that did not create the record. *CACH, LLC. v. Askew*, 358 S.W.3d 58 (Mo. en banc 2012). A custodian of records cannot meet the requirements of statute governing business record exception to the hearsay rule by simply serving as a conduit to the flow of records and not testify to the mode of preparation of the records in question. *CACH, LLC. v. Askew*, id., 63.

The question is whether Casey Young is a qualified witness to lay a foundation for the Allegiant and National City records as well as the Modification Agreement. Clearly, the answer is no. *CACH, LLC. v. Askew*, id., 63. See also § 490.680, RSMo. Moreover, it does not appear that Rule 803(6) of the Federal Rules of Evidence would permit such an overreach. *Gilmour v. Strescom Ind., Inc.*, 521 F.2d 1396; *In re Hechinger Investment Co. of Delaware, Inc.*, 298 B.R. 240, 242.

Additionally, Rule 56(c)(4) Fed. Rules of Evidence states: "Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and

3

show that the affiant or declarant is competent to testify on the matters stated." District Courts enjoy considerable discretion when ruling on a motion to strike. See *Jain v. CVS Pharmacy, Inc.*, 779 F.3d 753, 758 (8th Cir. 2015). A court may strike an affidavit or declaration that does not comply with Rule 56(c)(4). Again, the Young Affidavit is in the main incompetent and inadmissible as to those documents from the predecessor banks and any of PNC's documents derived there-from. Plaintiffs object to their consideration by the Court and request that they be stricken.

### IV. SUMMARY JUDGMENT EVIDENCE

Plaintiffs submit the following summary judgment evidence in opposition to PNC Bank's Motion for Summary Judgment: (1) the internal memo received from PNC Bank through discovery, Exhibit 1; (2) the Affidavit of Larry Pevnick, Certified Public Accountant, Exhibit 2.

### V. ARGUMENT AND AUTHORITIES

**A. The Existence of Disputed Fact Issues Make Summary Judgment on PNC Bank's Claim of Default Inappropriate.**

PNC Bank contends that it is entitled to summary judgment due to Plaintiffs' failure to pay the Note based on its demand of January 5, 2018. As a result, PNC claims that Plaintiffs are therefore in default.

First, Plaintiffs argue that they have been the victims of repeated irregularities in the administration and accounting of the loan. This has been evidenced by unfair and unwarranted charges of interest and penalties by PNC and the predecessor banks. (See Ex. 2, Affidavit of Pevnick)

Second, PNC, by the admission of its own employee admitted that for two years

4

PNC had mishandled the loan by charging only interest and not charging Saddler's payments toward interest. (See Ex. 1, PNC internal memo).

Third, PNC has failed to credit Plaintiff Saddler the sum of $24,600 that her accountant has found to be the amount PNC will be unjustly enriched by if the entire loan amount demanded is paid. (See Ex. 2, Affidavit of Pevnick)

Fourth, to prevail on a motion for summary judgment for a breach of contract claim under Missouri law, PNC must demonstrate that there was no genuine dispute as to the material facts establishing "(1) the existence of a valid contract, (2) the defendant's obligation under the contract, (3) a breach by the defendant of that obligation, and (4) resulting damages. *C-H Bldg. Assocs. LLC v. Duffey*, 309 S.W.3d 897, 899 (Mo.App.Ct. 2010). Due to the defective Young Affidavit, PNC is unable to establish elements 1 thru 3; while the Affidavit of accountant Larry Pevnick, Exhibit 2, clearly establishes a dispute as to another material fact, and that is specifically a dispute as to damages.

Lastly, under Missouri law, a covenant of good faith and fair dealing is present in every contract. *Bishop v. Shelter Mut. Ins. Co.*, 129 S.W.3d 500, 505 (Mo.Ct. App. W.D.2008). "The implied covenant of good faith prohibits a contracting party from acting in such a manner as to evade the spirit of the transaction or…to deny the other party the expected benefit of the contract." *City of St. Joseph v. Lake Contrary Sewer Dist.*, 251 S.W.3d 362, 370 (Mo.Ct.App. W.D.2008). This covenant imposes a duty on the parties to the contract and the Bank has breached its duty. (Affidavit of Pevnick)

    B. Defendant Bank's Reliance On Borrower's Failure to Respond to Request for Admissions

Defendant Bank seeks to introduce several exhibits from third party banks in order

5

to prove its case, which it is unable to do. Defendant also seeks to rely on the failure of Borrower to respond to its Request for Admissions. In Killian Constr. Co. v. Tri-City Constr. Co., 693 S.W.2d 819 (Mo.App.1985) "an adversary who adduces evidence on an issue which tends to disprove his own case does not rely upon the admission of the adversary. The evidence then becomes disputed and the issue is for the trier of fact." Id. at 827-28.

### C. Defendant Bank Has Not Responded to Plaintiffs' Second Request for Admissions

Plaintiffs served Defendant with a Second Request for Admissions on February 26, 2019, and it appears Defendant intentionally has refused to answer or respond to the Request until such time after the time for the filing of this response. Needless to say it is unfair for Defendant not to have served Plaintiffs with their responses in a timely manner in order that Plaintiffs would have sufficient time to examine and consider the responses to determine their applicability to this response. Plaintiffs request that the Court allow for a reasonable time for the review of the responses to their Second Request for Admissions and the filing of a supplement to this Response to Motion for Summary Judgment should the Request for Admissions offer any relevant issues.

## VI. CONCLUSION

For the foregoing reasons, PNC Bank's Motion for Summary Judgment should be denied in its entirety.

Respectfully submitted:

/s/Charles E. Kirksey, Jr.

---

CHARLES E. KIRKSEY, JR.  Mo. Bar #24792
ATTORNEY FOR PLAINTIFFS
7382 Pershing Ave., 1 West
University City, Mo. 63130
(314)863-5001  Fax (314)863-5007
charlesekirksey@cs.com

**CERTIFICATE OF SERVICE**: I hereby certify that a true and accurate copy of the foregoing was filed electronically via the Court's e-filing system on this 11th day of March, 2019 to:

Sally Sinclair Perez, Attorney for Defendant

By: /s/ C. Kirksey

7