UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATERRYL SADDLER and<br>SADDLER RESIDENTIAL CARE<br>FACILITY, INC.,<br><br>        Plaintiffs,<br><br>   v.<br><br>PNC BANK, N.A.,<br><br>        Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 4:18 CV 192 RWS<br>)<br>)<br>)<br>)  |

## **MEMORANDUM AND ORDER**

Plaintiffs Saddler Residential Care Facility, Inc. (SRCF) and Laterryl Saddler have a loan with Defendant PNC Bank (PNC). The loan is secured by the building in which SRCF is located. The loan is in default. Plaintiffs filed an amended complaint for a declaratory judgment seeking to construe the provisions of the deed of trust and the note associated with the loan. Plaintiffs also allege that PNC has failed to properly credit all of Plaintiffs' payments on the loan. PNC filed counterclaims including breach of note and breach of guaranty. PNC filed a motion for summary judgment on its counterclaims and on Plaintiff's complaint for a declaratory judgment. Because it is undisputed that the loan is in default and that the damages have been correctly calculated, I will grant the motion for summary judgment.

*Background*

Plaintiff SRCF and Plaintiff Laterryl Saddler operate a residential care facility for the aged and infirm located at 730 Hodiamont Avenue, St. Louis, Missouri 63122. That property is the subject of this litigation. On July 1, 2003, SRCF executed a promissory note in favor of Allegiant Bank in the original principal amount of $178,006.62. Saddler signed the note on behalf of SRCF as SRCF's president. The note paid off three earlier promissory notes including refinancing the first and second mortgage on the Hodiamont property. Saddler and her husband (deceased) were guarantors of the note. A deed of trust encumbering the Hodiamont property secured the note.

On July 30, 2004, Allegiant Bank merged with National City Bank. [Doc. # 78, Ex. 6] On July 1, 2006, SRCF executed a promissory note in favor of National City Bank in the amount of $157,255.78. The note amended and restated the 2003 note. Saddler signed the note on behalf of SRCF as SRCF's president. Saddler also executed a guaranty of the 2006 note.

On November 6, 2009, Defendant PNC Bank acquired National City Bank. [Id.] On February 2, 2010, SRCF executed a modification agreement with PNC in which the 2006 note was modified to extend the maturity date, adjust the interest

rate, and modify the monthly payments, among other changes. Pursuant to the 2010 modification of the note all unpaid principal, unpaid accrued interest, and other amounts due were payable on March 1, 2012. The note provided that the failure to make a payment or comply with or perform any other term, obligation, covenant or condition contained in the note or any related document shall constitute default. In addition, an event of default increased the interest rate to thirteen percent, imposed a late charge of five percent, and required that SRCF pay all costs of collection in the event of default, including attorneys' fees, legal expenses, and court costs.

On December 31, 2012, SRCF and Saddler executed a forbearance agreement in response to their default on the note and on the guaranty. Under the agreement PNC agreed to forebear its right to immediately enforce its rights under the loan documents until January 1, 2018 subject to certain conditions. Under the agreement SRCF and Saddler confirmed that they were in default of the loan. They also confirmed the amounts due under the loan and that the note, guaranty, and deed of trust were all valid, binding and enforceable. They also agreed that their obligations under the loan documents were not subject to any set-offs, defenses, or counterclaims. SRCF and Saddler acknowledged and agreed to pay in

3

full all sums due under the note by January 1, 2018. SRCF has failed and refused to pay the sums due under the note by January 1, 2018, including, without limitations, all principal, interest, late charges, and real estate taxes for the property. On January 5, 2018, PNC sent SRCF a letter informing SRCF and Saddler of SRCF's default under the note and made demand upon SRCF and Saddler for immediate payment of all amounts due under the note. PNC calculates that the balance due and owing, as of February 15, 2019, is $180,567.96[1] which includes the principal sum of $104,271.83, plus accrued and unpaid interest in the amount of $16,266.59, plus accrued and unpaid late charges in the amount of $7,312.37, plus 2015 real estate taxes in the amount of $4,623.43, plus appraisal and title fees in the amount of $17,441.00, plus PNC's attorneys' fees and costs in the amount of $40,400.90, less a waiver of late fees and interest thereon in the amount of $9,748.16 relating to the forbearance agreement, plus accrued interest from February 16, 2019 until paid.

On December 26, 2017, Saddler filed a petition for a declaratory judgment in state court challenging PNC's title to the note and seeking to clarify payments

---

[1] The calculation of the outstanding loan amount is submitted in PNC's statement of uncontroverted material facts. Plaintiffs do not challenge the calculation of damages. Instead, they assert that PNC "would not have sustained any damage had it administered the loan fairly and made a fair, just and accurate accounting of Plaintiffs' loan." Plaintiffs have not submitted any evidence that PNC failed to administer the loan fairly and make a fair, just and accurate accounting of Plaintiffs' loan.

under the note. On February 2, 2018, PNC removed the case to this Court based on diversity jurisdiction. On March 22, 2018, Sadler filed an amended complaint for a declaratory judgment. In that document Saddler added SRCF as a plaintiff. The amended complaint seeks a to construe the provisions of the deed of trust and the note associated with the loan and seeks to clarify the chain of title of the note. Plaintiffs also allege that PNC has failed to properly credit all of Plaintiffs' payments on the loan. PNC filed counterclaims including breach of note and breach of guaranty. PNC filed a motion for summary judgment on its counterclaims and on Plaintiff's complaint for a declaratory judgment.

### *Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of

material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof.  Id. at 324.  In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy.  Crossley v. Georgia Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

The 2006 note with its 2010 modification and 2012 forbearance agreement clearly bind SRCF and Saddler to the terms of those agreements.  The validity of the note, deed of trust, and guaranty that SRCF and Saddler executed are not at issue.[2]  However, SRFC and Saddler challenge the chain of title of the loan documents from Allegiant Bank to National City Bank to PNC Bank.

*Chain of Title of the Note*

In support of its motion for summary judgment PNC has submitted the affidavit of Casey Young, an employee of PNC in the capacity of Asset Resolution Consultant, Commercial Banking – Asset Resolution.  The affidavit is based on

---

[2] In the 2012 forbearance agreement SRCF and Saddler affirmed that the loan documents (which include the 2006 note, deed of trust, and guaranty at issue) are valid and binding obligations on each of them.  In addition, by failing to answer or object to PNC's request for admissions [Doc. # 17, Ex. 4] SRCF's admitted that the 2006 note is true and accurate and that SRCF signed the note.  Fed. R. Civ. P. 36(3).

Young's personal knowledge and review of PNC's records regarding and relating to the 2006 note and guaranty at issue in this case. One of Young's job duties at PNC is to manage the collection of various accounts including the note and guaranty in this matter. The exhibits included with Young's affidavit are business records of PNC produced in the regular course of business. Young is familiar with the method that these business records were produced. These records were maintained by PNC in the regular course of business and were made at or near the time of the act, condition, or event they describe. The records were made by someone with knowledge of the act, condition, or event they describe. The exhibits include the notes, deeds of trust, and guarantees at issue in this matter. They are originals or exact duplicates of those documents.

Young's affidavit establishes that PNC's records concerning the loan at issue, including the documents from Allegiant Bank and National City Bank, are authentic documents now owned by PNC. All of the exhibits attached to Young's affidavit are admissible under the business records exception in Fed. R Evid. 803(6). See Resolution Tr. Corp. v. Eason, 17 F.3d 1126, 1132 (8th Cir. 1994) (A "custodian or other qualified witness need not have personal knowledge regarding the creation of the document offered, or personally participate in its creation, or even know who actually recorded the information."; see also Brawner v. Allstate

Indem. Co., 591 F.3d 984, 987 (8th Cir. 2010) ("Several other courts have held that a record created by a third party and integrated into another entity's records is admissible as the record of the custodian entity, so long as the custodian entity relied upon the accuracy of the record and the other requirements of Rule 803(6) are satisfied. [S]everal courts have found that a record of which a firm takes custody is thereby 'made' by the firm within the meaning of the rule.... We agree with these courts.") (cleaned up)

Moreover, Saddler's challenge to PNC's ownership of loan documents created by Allegiant Bank and National City Bank is without merit. PNC is the successor-in-interest to both of these entities and acquired their rights and interests in the loan documents prepared by them and attached as exhibits to Young's affidavit. See Jo Ann Howard & Assocs., P.C. v. Cassity, 868 F.3d 637, 643 (8th Cir. 2017) (PNC Bank is the successor-in-interest to National City Bank and Allegiant Bank.); see also Black's Law Dictionary 1473 (8th ed.2004) ("A successor in interest retains the same rights as the original owner, with no change in substance.").

*PNC's Breach of Note Claim*

PNC's counterclaim asserts a claim against SRCF for breach of note. Under Missouri law, a claim of breach of a promissory note is established by presenting a

note admittedly signed by the defendant and demonstrating that the note is unpaid or that a balance is due and owing. Bank of Kirksville v. Small, 742 S.W.2d 127, 130 (Mo. 1987). PNC has presented evidence of the 2006 note (and other loan documents) executed by SRCF that is currently due and owing. SRCF has failed to pay the balance of the note when due on January 1, 2018. The balance owed under the note is $180,567.96 with interest accruing from February 16, 2019.

SRCF asserts that the amount due under the note is overstated. SRCF argues that the current balance of the note does not reflect a period of time between 2010 to 2012 that that payments paid by SRCF were not applied to the principal balance of the loan. During this period PNC credited the payments only toward interest and penalties.

In support of this position, SRCF offers an internal memorandum from PNC titled C & I ART Approval Memo dated December 7, 20102. [Doc. # 84, Ex. 1] The memorandum states that payments for a period of time between February 2, 2010 and December 7, 2012 ("the modification agreement period") were mistakenly not applied to the principal of the loan and that late fees were charged in error. However, the memorandum also recommends that the account be credited with $9,763.00 in waived late fees and $1,420.15 in waived accrued interest.

On December 31, 2012, PNC entered a forbearance agreement with SRCF

9

and Saddler. [Doc. # 78, Ex. J] The agreement restated the outstanding principal of the loan and the accumulated interest and late charges. PNC waived $9,763.00 in late fees and $1,420.15 in accrued interest. Under the agreement SRCF and Saddler confirmed that they were in default of the loan documents. They also confirmed the amounts due under the loan and that the note, guaranty, and deed of trust were all valid, binding and enforceable. They also agreed that their obligations under the loan documents were not subject to any set-offs, defenses, or counterclaims. SRCF and Saddler acknowledged and agreed to pay in full all sums due under the note by January 1, 2018. SRCF has not submitted any evidence to raise a factual dispute regarding the accuracy of principal balance and other amounts due reflected in the forbearance agreement. As a result, as a matter of law the forbearance agreement superseded any issues related to the crediting of payments to principal during the modification agreement period.

SRCF attempts to raise a factual issue about the balance of the note by submitting the affidavit of Larry Pevnick, a certified public accountant. [Doc. # 84, Ex. 2] Pevnick states that he reviewed the loan documents at issue in an attempt to arrive at an outstanding balance of the loan. He states that he presented his findings to PNC's counsel and that his findings were criticized and rejected. He responds to that criticism by stating, in a disjointed statement, that late fees

added to the loan prior to the 2003 consolidation "should be included in the loan analysis." No further explanation as to the basis or impact of this statement is provided.

Pevnick refers to the PNC internal memorandum regarding the application of the principal payments in the modification agreement period from February 2, 2010 to December 7, 2012 and the late fees charged in error. Pevnick recommends that, at a minimum, the late fees and accrued interest should be waived (which was done in the 2012 forbearance agreement).

Finally, Pevnick recommends a $26,400 reduction in principal "for payments made during the modification agreement period" from February 2, 2010 to December 7, 2012." However, this recommendation is immaterial. It ignores the legally binding forbearance agreement executed by the parties on December 31, 2012. In that agreement SRCF and Saddler affirmed the principal balance. SRCF and Saddler confirmed the amounts due under the loan and that the note, guaranty, and deed of trust were all valid, binding and enforceable. They also agreed that their obligations under the loan documents were not subject to any set-offs, defenses, or counterclaims. As a result of the forbearance agreement, SRCF and Saddler cannot challenge the principal balance of the loan in the modification period which predated the forbearance agreement.

11

Based on the foregoing, PNC has established that SRCF has breached the note and has owes the balance in the amount of $180,567.96 with interest accruing from February 16, 2019. As a result, PNC is entitled to a judgment against SRCF for breach of the note.

*Breach of Guaranty*

PNC's counterclaim asserts a claim against Saddler for breach of guaranty. Under Missouri law, to recover on a contract of guaranty, PNC must show (1) that the Saddler executed the guaranty, (2) that Saddler unconditionally delivered the guaranty to PNC, (3) that PNC, in reliance on the guaranty, thereafter extended credit to SRCF, and (4) that there is currently due and owing some sum of money from the SRCF to the PNC that the guaranty purports to cover. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 382 (Mo. 1993). There is no dispute that Saddler executed the guaranty at issue and delivered it to PNC (through its predecessors-in-interest). Saddler admitted this fact in her response to PNC's statement of uncontroverted material facts. [Doc. # 84, ¶ 23] PNC (and its predecessor-in-interest) extended and continued to extend credit under the note in reliance on the guaranty. SRCF has defaulted on the note which the guaranty covers. There is currently a balance of $180,567.96 with interest accruing from February 16, 2019 due and owing. As a result, PNC is entitled to a

judgment against Saddler for breach of guaranty.

*Miscellaneous Discovery Issues*

On October 30, 2018, PNC served SRCF with requests for admissions. SRCF failed to answer or object to these requests. As a result, they were deemed admitted. Fed. R. Civ. P. 36(3). On March 11, 2019, SRCF filed a response to PNC's statement of uncontroverted material facts. In paragraph 47 SRCF admits it failed to respond to the requests for admission but appears to file an objection to the form of the requests in paragraph 46. This objection is out of time and without merit.

On February 26, 2019, SRCF and Saddler served a second request for admissions on PNC. PNC did not respond to that request. On March 11, 2019, in their response to PNC's motion for summary judgment, SRCF and Saddler moved that I order PNC to respond to the second request for admission. That motion is denied. The amended case management order directed that all discovery must be **completed** by February 28, 2019. Under Fed. R. Civ. P. 36(3) PNC had thirty days to respond to the request. As a result, the discovery regarding the second request for admissions could not be completed by February 28, 2019 and will not be allowed. Moreover, PNC filed its motion for summary judgment on February 18, 2019. SRCF and Saddler filed their second request for admissions ten days

13

later and do not reveal in their motion the information sought in the request or how it affected their ability to file a response to the motion for summary judgment.

*Conclusion*

SRCF and Saddler filed this complaint seeking a declaratory judgment concerning the loan documents at issue in this matter. I find that the 2006 note is due and owing, SRCF and Saddler are in default of their obligations under the note and guaranty, PNC has a right to enforce the note and guaranty, and that the balance of the loan is not in dispute. I also find that PNC is entitled to a judgment on its counterclaims for breach of note and breach of guaranty.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant PNC Bank, N.A.'s motion for summary judgment [77] is **GRANTED** as to Count I (breach of note) and Count II (breach of guaranty) of its counterclaims [17].

**IT IS FURTHER ORDERED that** Defendant PNC Bank, N.A.'s motion for summary judgment [77] is **GRANTED** as to the declaratory judgment sought by Plaintiff Saddler Residential Care Facility and Laterryl Saddler.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of June, 2019.